By the Court.
A question arises in this case, preliminary to the examination of the legal questions presented upon the construction of the acts of the general assembly, authorizing a subscription of stock by the trustees of Goshen township in the Springfield and Mansfield Railroad Company. The plaintiffs, in effect, ask the court to rescind the contract, between the railroad company and the trustees, which has been executed by a subscription of stock and the payment therefor, in the bonds of the township. The bonds have not only been delivered, but have been assigned with a guaranty of their payment by the railroad company, and the interest, accruing upon them for several years, has been paid, without objection. Under these circumstances, we do not think that the plaintiffs are in a position to ask the extraordinary relief of the rescission of the contract, and the cancellation of the instruments they have issued, but, if they are not bound for the payment of the bonds, must await a decision to be made in a proceeding, or action, in which they occupy the position of defendants.
Where all the parties concerned in a transaction, alleged to be illegal, have participated in that illegality, though it may be available as a defense, it by no means follows, that it can be made the ground for affirmative relief, dependent, as is the relief asked in this case, upon the discretion of the court. There may be exceptions, where the law offended has been made to prevent oppression, and the oppressed party is seeking relief, or where public policy will be advanced by allowing the relief. Adams on Equity, 175; Reynell v. Speye, 1 De G. M. & G. 660, 679. An application for relief of this kind will also be affected by laches and acquiescence. Such acquiescence, while it may confer no right on the other party, will preclude the plaintiff from relief in a court of equity. Hilton v. Earl of Granville, 1 Cr. & Ph. 283, 292.
We see no good reason why the plaintiffs should' escape from the application of these rules. These bonds if illegal, *628 are so, not because they are prohibited by any statute, but in consequence of a misapprehension or misconstruction of certain acts of the general assembly. For we do not understand that there is any charge of fraud, against either the railroad company or the defendant, Shoemaker. Fairness and good faith on their part are consistent with every allegation in the petition. It may be that they, as well as the trustees and the electors of Goshen township were mistaken in their construction of the powers conferred by the acts of the general assembly. But there is no legal reason, why in the absence of fraud or undue means, one party should be held to a more perfect knowledge of the law than another.
That acts of acquiescence on the part of the trustees, and even the electors of the township, will affect the plaintiffs, is shown by the cases of Garrett v. Van Horne, 7 Ohio St. Rep. 827; Smead v. Union Township, 8 Ohio St. Rep. 394. We do not understand those cases as deciding, that acts of acquiescence will bind the township, in its corporate capacity, if the claim alleged be in its inception illegal — if there be a defect of power; but the cases show that townships, like individuals, may be affected by acts of acquiescence, in cases where such acts may properly have effect. We think they will have their proper effect in precluding a resort to the remedy adopted in this case. If the right of defense to the bonds has not been affected by the acts of acquiescence, because founded on illegality or want of power, we see no reason to suppose that such a .defense would not be effectual and available against any holder. Not only do these bonds show to any one who may become their holder, full notice of their origin, but no township in this state could issue such instruments without special authority from the general assembly, and any party asserting a liability on them, would be bound to show such authority.
The prayer in the petition for a specific performance of the condition, which is shown on the face of the bonds, we think, is not sustained by a fair construction of the terms of that condition. It contemplates a disposal of the bonds by the railroad company, and binds the railroad company in the contingency stated, to redeem them, that is, to pay the holders, *629 and so exonerate the township; but it does not bind the holders to accept stock in payment, though it might, to receive payment before their maturity. The prayer is, that Shoemaker may be required to deliver up the bonds on receiving their amount in stock. There is no prayer that the railroad company may be required to redeem by payment. The railroad company being, as stated in the petition, wholly insolvent, no such relief is asked, and certainly could not be exnected beyond the idle form of rendering a judgment.
Demurrers to petition sustained.